IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAYMOND TILLMAN,**

    **Petitioner,**

    v.                                CASE NO. 2:06-cv-0022
                                      CRIM. NO. 2:98-cr-120
                                      JUDGE MARBLEY
**UNITED STATES OF AMERICA,**       **MAGISTRATE JUDGE KING**

    **Respondent.**

**REPORT AND RECOMMENDATION**

    Petitioner, Raymond Tillman, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on its own motion for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**I. PROCEDURAL HISTORY**

    The underlying criminal conviction in this case involves petitioner's September 25, 1998 guilty plea, pursuant to a plea agreement, to a charge of conspiracy to possess crack cocaine, in violation of 21 U.S.C. §846. Doc. Nos. 30, 31. On February 12, 1999, petitioner was sentenced to 235 months plus five years supervised release. Doc. Nos. 42, 43. Petitioner never filed an appeal. On April 22, 2003, petitioner's sentence was reduced, pursuant to the government's motion, to 168 months. Doc. No. 77.

    On January 11, 2006, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. He asserts that his sentence violates the United States

Supreme Court's recent decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

Petitioner's §2255 petition is untimely. Under 28 U.S.C. §2255,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction in this case became final in 1999, upon the expiration of the time period to file an appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). The instant action was not filed until 2006, long after that date. Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue. *See King v. Bell,* 378 F.3d 550, 553 (6th Cir. 2004)(citations omitted). Additionally, the United States Court of Appeals for the Sixth Circuit has held that neither *Blakely* nor *Booker* is retroactively applicable to cases on collateral review. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005). Therefore, such cases do not provide petitioner the relief he seeks.

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


January 19, 2006                                              s/Norah McCann King
                                                              Norah McCann King
                                                              United States Magistrate Judge